IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JORGE LUIS RAMIREZ PEREZ,
        *Petitioner*,
  v.

KRISTI NOEM, *et al.*,
        *Respondents*.

1:25-cv-01750-MSN-IDD

## ORDER

Petitioner Jorge Luis Ramirez Perez ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner argues that the Department of Homeland Security's ("DHS") classification of his detention under 28 U.S.C. § 1225, and invocation of the automatic stay of his release pursuant to 8 C.F.R. § 1003.19(i)(2) after an Immigration Judge ("IJ") ordered him released on bond violates his right to substantive and procedural due process (Counts One, Two, Four, and Five) and the Immigration and Nationality Act ("INA") (Counts Three and Six).

Petitioner is currently detained at the Caroline Detention Facility, an immigration detention facility within this Court's jurisdiction. He has sued Paul Perry, the warden of that facility. He has also sued Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and Russell Hott, the Field Office Director of the Washington Field Office of ICE's Enforcement and Removal Operations (collectively, the "Federal Respondents"). The Federal Respondents have opposed the

Petition. ECF 6. For the reasons that follow, the Court will grant the Petition as to Counts One, Two, Four, and Five.[1]

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States without inspection around 2012. ECF 1 ¶¶ 17, 25. Prior to his detention, he lived in Vienna, Virginia with his wife and three U.S. citizen children. *Id.* at ¶ 25. On August 12, 2025, ICE Enforcement and Removal ("ERO") officers detained Petitioner and placed him in custody at Caroline Detention Facility. ECF 6–1 ¶ 7. On August 16, 2025, DHS issued Petitioner a Notice to Appear, charging him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner filed a motion for custody redetermination with the Immigration Court and on August 25, 2025, an Immigration Judge ("IJ") determined that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and granted him bond of $3,000. ECF 1–1; ECF 6–1 ¶ 11. That same day, ICE filed a Form EOIR-43, Notice of Intent to Appeal Custody Redetermination, automatically staying the IJ's bond order pursuant to 8 C.F.R. § 1003.19(i)(2). ECF 6–1 ¶ 12. ICE perfected the form by filing a Notice of Appeal on September 9, 2025. *Id.* at ¶ 13. Petitioner has remained detained at Caroline Detention Facility since.

## II. ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. Federal Respondents "recognize that this Court and other jurists of this Court have

---

[1] Because the Court grants relief on Petitioner's due process claims, it need not address Petitioner's claims under the INA (Count Three and Six).

recently rejected Federal Respondents' arguments" that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 6 at 3; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *1 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 6 at 4.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. ECF 6 at 9–19. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.* at 10–11.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an]

---

[2] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly thirteen years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before IJ, in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).

As this Court explained in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, Petitioner's continued detention under the automatic stay regulation violates his right to due process. The automatic stay regulation has allowed DHS to unilaterally detain Petitioner, even after the IJ made individualized findings that his continued detention was unnecessary. *See id.* at *8 (concluding same). This continued arbitrary detention violates Petitioner's right to substantive due process. Petitioner's detention under the automatic stay regulation also violates his right to procedural due process. Petitioner has a substantial interest in release from physical detention, there is an acute risk that the automatic stay regulation will erroneously deprive him of liberty, additional safeguards such as a discretionary stay of release on bond would likely ameliorate that risk, and the Court discerns no significant governmental interest in continuing to hold Petitioner without bond. *See Quispe-Ardiles*, 2025 WL 2783800, at *9–10.

### III. CONCLUSION

For the reasons stated above, the Petition will be GRANTED as to Counts One, Two, Four and Five, and it is hereby

ORDERED that Petitioner be released from custody no later than 4:00 pm on Thursday, October 30, 2025, with all his personal property, once he has posted the $3,000 bond set by the Immigration Judge; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of the Order and accompanying Memorandum Opinion to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

October 29, 2025
Alexandria, Virginia